IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF SIMON SMITH[1] § No. 156, 2026
FOR A WRIT OF MANDAMUS §
§

Submitted: June 16, 2026
Decided: July 28, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the answer and motion to dismiss, it appears to the Court that:

(1) Simon Smith petitions this Court, under Supreme Court Rule 43, to issue a writ of mandamus to the Family Court. Smith asks this Court to direct the Family Court to rule on a pending request for a review of a commissioner's order in *Smith v. DCSS*, File No. CN09-05201, Petition No. 24-18511. The State, as the real party in interest, has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2) A writ of mandamus will issue to a trial court only if the petitioner can show that: (i) he has a clear right to the performance of a duty; (ii) no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform

---

[1] The Court previously assigned a pseudonym to the petitioner under Supreme Court Rule 7(d).

its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(3)     On January 13, 2026, a Family Court commissioner ordered Smith to report to the Department of Correction to serve a weekend-long sentence for his failure to comply with a permanent child-support order. On January 16, Smith filed a request for a review of the commissioner's order. On April 15, Smith filed the instant petition for a writ of mandamus, arguing that he had a clear right to the Family Court's prompt review of the commissioner's order. On April 17, the Family Court issued a decision affirming the commissioner's order. There is therefore no basis for the issuance of a writ of mandamus here because the matter is moot.

NOW, THEREFORE, IT IS HEREBY ORDERED that the respondent's motion to dismiss be GRANTED and the petition for a writ of mandamus be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*